CLD-240                                               NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1924
_____

MICHAEL OSEI,
Appellant

v.

LA SALLE UNIVERSITY; BROTHER MICHAEL J. MCGINNESS, F.S.C. PH.D.,
Individually and in his Official Capacity as President of La Salle University; JOSEPH R.
MARBACH, PHD, Individually and in his Official Capacity as Provost & Vice President
for Academic Affairs La Salle University; MICHAEL R. WISNIEWSKI, Individually
and in his Official Capacity as Director of Student Financial Services La Salle
University; DOMINIC J. GALANTE, Individually and in his Official Capacity as
University Registrar, La Salle University; JEAN LANDIS, Individually and in her
Official Capacity as Associate Registrar, La Salle University; MARIANNE DAINTON,
PHD, Individually and in her Official Capacity as Director of Graduate Program,
Department of Communications La Salle University; MARG WRIGHT, Individually and
in her Official Capacity as Director/Bursar, Student and Accounts Receivable,
La Salle University
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 11-cv-07778 )
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
July 26, 2012

Before:  RENDELL, HARDIMAN and COWEN, Circuit Judges

(Opinion filed August 20, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

Plaintiff Michael Osei, proceeding *pro se*, appeals the District Court's dismissal of his complaint for failure to state a claim and multiple related orders. For the reasons below, we will summarily affirm the District Court's orders.

**I**

Osei is facing over $8,449.49 in debt to La Salle University for tuition fees that he alleges were wrongfully accrued. According to the complaint, the charges arose after the university withdrew financial aid for three undergraduate classes that Osei took outside of his graduate program. Osei, a Ghanaian-born Pennsylvania resident, alleges, among other things, that Defendants acted with discriminatory animus in withdrawing financial aid. He specifically references a phone call in which Defendant Wisniewski hung up on him, allegedly after hearing his accent and determining that he was a foreign national. Osei also states he was treated differently from Caucasian students with regard to the degree of assistance he received in registering for classes. He also claims the university mischarged him for a class that he dropped.

Osei filed a sixteen-count complaint in which he includes allegations of Due Process violations under 42 U.S.C. § 1983, First Amendment violations under 42 U.S.C. § 1983, conspiracy to deprive Osei of his constitutional rights under 42 U.S.C. § 1985(3)

2

and § 1986, and race and national origin discrimination in violation of Title VI of the Civil Rights Act. The complaint also contained eleven claims arising under state law.

In an order dated March 1, 2012, the District Court granted Defendants' motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure with regard to Osei's federal claims. The District Court gave Osei twenty-days leave to amend his complaint, noting that if he did not do so the court would dismiss his state law claims, as well. The District Court also denied Osei's motion for an injunction and motion requesting intervention by the Secretary of Education. In an order dated March 13, 2012, the District Court denied as moot Osei's pending motions to compel documents and to postpone a ruling on the 12(b)(6) motion.

Instead of filing an amended complaint within the allotted twenty-day period, Osei filed a motion for reconsideration[1] and a renewed motion to compel documents. He did not include a request for an extension to file an amended complaint with either motion, nor did he request an extension at any time during the twenty-day period. As a result, on March 21, 2012, when the period to amend concluded, the District Court dismissed the remaining state claims for lack of jurisdiction and ordered the case closed. In a separate order, the District Court denied the renewed motion to compel and motion for reconsideration.

---

[1] Osei filed the motion "pursuant to Rule 54(b) and Local Rule 7.1(g)". Motions for reconsideration do not arise under Rule 54(b). The District Court disregarded Osei's erroneous reference to Rule 54(b) and properly construed the filing as a motion for reconsideration.

Osei responded by filing a motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure, a motion for extended leave to submit an amended complaint, and a motion to recuse the presiding District Court Judge. Two days later, he filed a notice of appeal. He then filed in both courts a motion to "extend time to appeal and/or suspend appeal for the district court to decide all impending motions." In an order dated April 12, 2012, the District Court denied the motion to recuse and, recognizing the jurisdictional transfer that arose upon appeal, invoked Rule 62.1 of the Federal Rules of Civil Procedure to deny the remaining motions. Osei appeals the District Court's five orders of March 1, 2012, March 13, 2012, March 21, 2012, and April14, 2012 (Docket Nos. 21, 22, 24, 25, and 32, respectively). This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## II

We review the District Court's dismissal of Osei's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure *de novo*. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## III

The District Court was correct in dismissing the 42 U.S.C. § 1983 claims. For his Section 1983 claims to survive, Osei must have alleged that he was deprived of a federal

4

constitutional or statutory right by a state actor. Krynicky v. Univ. of Pittsburgh, 742 F.2d 94, 97 (3rd Cir. 1984), cert. denied, 471 U.S. 1015 (1985). The complaint does allege that La Salle, a private university, receives federal funding. However, "state contributions to otherwise private entities, no matter how great those contributions may be, will not of themselves transform a private actor into a state actor." Id. at 102. Osei failed to plead facts that would demonstrate a greater level of state entanglement and, accordingly, the Section 1983 claims were properly dismissed.

Nor did Osei state a claim under 42 U.S.C. § 1985(3). Osei was required to allege facts that tend to show that the conspirators were motivated by "invidiously discriminatory animus" and that the discrimination irrationally or unnecessarily burdened the exercise of a fundamental right. Griffin v. Breckenridge, 403 U.S. 88 (1971). Here, Osei alleges that Defendants conspired to adjust his federal school loan package after he informed them that the loans were applied to classes outside of his graduate program. These allegations, when taken as true, do not constitute the deprivation of a fundamental right. See, e.g., Brown v. Phillip Morris Inc., 250 F.3d 789, 805 (3d Cir. 2001) (finding Section 1985(3) does not apply where plaintiffs seek to vindicate statutory property and contract rights). As discussed in further detail below, the complaint also fails to support an inference of discriminatory animus. Because Osei failed to state a claim under Section 1985(3), his related claim for failure to prevent conspiracy under Section 1985(3) must also fail.

5

## IV

Having reviewed the record, we further agree with the District Court that Osei failed to plead facts that would support an inference of discrimination under Title VI of the Civil Rights Act. The District Court's order of March 1, 2012 accurately sets forth in some detail the appropriate framework for analyzing a Title VI claim. Among other things, Osei must allege that he was treated differently from similarly situated students who are not members of a protected class. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Osei's allegations do not describe how the financial aid of other students who are not members of a protected class was treated when those students enrolled in undergraduate classes outside of their programs. To the extent Osei alleges that Defendant Wisniewski failed to revoke financial aid in other instances where it was mistakenly granted, the allegations ascribe that discrepancy to negligence, not discriminatory intent. [See Complaint, ¶ 39].

The allegation that Defendant Wisniewski hung up on Osei after hearing his accent does not support an inference of discriminatory intent when taken in the context of the complaint as a whole. Osei alleges the phone call occurred on October 27, 2011. Exhibit A to the complaint shows that Defendant Wisniewski informed Osei on September 8, 2011via e-mail that financial aid would not apply to his undergraduate courses. Assuming these facts to be true, Wisniewski did not hear Osei's accent until after Wisniewski decided to revoke the aid and therefore the accent could not have been a motivating factor behind the adverse action.

6

The fact that Osei's Caucasian colleague was able to register for outside classes through the graduate department while Osei was instructed to register for outside classes through the undergraduate department  managing those classes does not speak to his Title VI claim, either.  There must be some nexus between the adverse action suffered and the disparate treatment.  Here, the relevant adverse action is the revocation of financial aid for three classes.  The complaint fails to demonstrate how registering through one department as opposed to another is linked to that revocation.  As a result, the alleged disparate treatment regarding registration, even when taken as true, does not suffice to support Osei's claim.  Because Osei failed to plead facts that would support an inference of discrimination, the District Court was correct to dismiss the Title VI claim.[2]

**V**

There being no substantial question presented by Osei's appeal, we will summarily affirm the District Court's orders of March 1, 2012, March 13, 2012, March 21, 2012, and April 13, 2012.  See LAR 27.4; I.O.P. 10.6.

---

[2]  The District Court did not abuse its discretion in dismissing Osei's remaining state claims without prejudice to pursue them in state court.  A District Court may dismiss pendent state claims after federal claims have dropped out of the case.  See United Mine Workers of Am. v. Gibbs, 383 U.S. 715 (1966); 28 U.S.C. §1367.  Nor did the District Court abuse its discretion in denying without prejudice Osei's post-judgment motions.